UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY PEARCE, Personal Representative
for the Estate of Virginia Wilcox,

    Plaintiff,

v.

Case No. 06-15643

Honorable Patrick J. Duggan

JENNIFER BIDWELL, JANE DOE
ATTORNEY, JOHN DOE ATTORNEY,
and UAW-GM LEGAL SERVICES PLAN,

    Defendants.
                              /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 30, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On November 27, 2006, Kelly Pearce ("Plaintiff"), the personal representative of the estate of Virginia Wilcox, filed suit against Jennifer Bidwell, UAW-GM Legal Services Plan, and two unnamed attorneys (collectively "Defendants") in the Genesee County Circuit Court. In her Complaint, Plaintiff asserts a single claim for legal malpractice. Defendants timely removed this action pursuant to 28 U.S.C. § 1446(b), contending that Plaintiff's state law claim is preempted by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Taft-Hartley Act, 29

U.S.C. § 185 *et seq.* Presently before this Court is Defendants' Motion to Dismiss and for Summary Judgment filed on May 15, 2007. On July 10, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Defendants' motion. *See* E.D. Mich. LR 7.1(e)(2). As of this date, Plaintiff has not responded to Defendants' motion.

**I. Background**

Defendant UAW-GM Legal Services Plan ("Plan") is a fringe benefit provided to the unionized, hourly workers of the General Motors Corporation ("GM"). The Plan was created and governed by a section of the collective bargaining agreement entered into between GM and its hourly employees. The Plan provides legal services to GM's hourly employees for specified types of legal claims. Legal services provided by the plan include three levels of benefits: reduced-fee referral to a private attorney, office work only, or litigation. As it is relevant to this case, the Plan provides litigation benefits for first-party no-fault automobile insurance claims if litigation is deemed "necessary and appropriate." (Dfts.' Br. Ex. B § 2.03.) Defendant Jennifer Bidwell is the Plan's managing attorney.

Plaintiff's decedent was an active employee of GM and was entitled to Plan benefits. Plaintiff's decedent was in a serious car accident in January 2002. She received no-fault benefits as a result of the car accident, specifically attendant care. In September 2003, she called Plan attorneys informing them that she was concerned over the cessation of benefits and a claim by her no-fault provider, State Farm, that she had been overpaid for attendant care. In addition to stopping payment for attendant care, State Farm claimed

that Plaintiff's decedent had been overpaid for attendant care by almost $100,000 based on the fact that Plaintiff's decedent received attendant care payments to cover home health care while she was in the hospital. After undertaking representation of Plaintiff's decedent, Plan attorneys requested that Plaintiff's decedent furnish information that would provide a factual basis to file a lawsuit against State Farm. According to Defendants, Plaintiff's decedent failed to provide such information.

Plaintiff filed this suit claiming that Defendants committed legal malpractice. Plaintiff alleges that "Defendants should have had more meaningful direct contact with the Plaintiff Personal Representative, in as much as she was taking care of the business affairs of the decedent, and this was something that was or should have been reasonably known to Defendants, as they purported to be providing legal representation." (Compl. ¶ 5.) Plaintiffs further allege that after Defendants closed the file on Plaintiff's decedent, her legal claim was barred by the applicable statute of limitations.

Defendants removed Plaintiff's Complaint to this Court solely on the basis of federal question jurisdiction. (Notice of Removal ¶ 5.) In their Notice of Removal, Defendants allege that Plaintiff's "[c]laims against the Plan and Bidwell . . . arise under and are preempted by the Employment Retirement and Income Security Act of 1974 (ERISA), 29 USC sec. 1001 et seq. and the Taft-Hartley Act, 29 U.S.C. 185 et seq." (*Id.* ¶ 6.)

## II.  Standards of Review

Defendants assert that they are entitled to dismissal of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to

3

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In deciding such a motion, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006). While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer*, 436 F.3d at 688.

In the alternative, Defendants argue that they are entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53.

It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

**III.  Discussion**

Defendants contend that Plaintiff's claims are preempted by ERISA. Specifically, Defendants assert that the Plan is an employee benefit plan under ERISA and that, in essence, Plaintiff's Complaint seeks damages for Defendants' decision to not to litigate Plaintiff's decedent's no-fault claim. This decision, Defendants contend, was a benefits determination, and thus, Plaintiff's claim is preempted by ERISA.

As an initial matter, this Court believes that the Plan is an "employee welfare benefit plan" under ERISA. ERISA defines an "employee welfare benefit plan" as, *inter alia*, a "plan" "established or maintained by an employer or by an employee organization" that provides "prepaid legal services" "for its participants or their beneficiaries." 29 U.S.C. § 1002(1)(A). Here, the Plan, which was established by UAW, provides legal services for specified matters on behalf of GM employees. Thus, this Court believes that the Plan is an "employee welfare benefit plan" under ERISA. *Id.*

As set forth earlier in this opinion, the relevant Plan benefit to which Plaintiff's decedent was entitled is the litigation benefit for first-party, no-fault automobile insurance

5

claim, if litigation is deemed "necessary and appropriate."  In Defendants' view, the essence of Plaintiff's complaint is that although the Plan was requested to provide this "litigation" benefit, it failed to do so.  Defendants further contend that for Plaintiff to be entitled to recover, the decision of the Plan's representatives in failing or refusing to provide this "litigation" benefit must have been an "arbitrary and capricious" decision.  Defendants further argue that their decision not to litigate was not only not "arbitrary and capricious" but, in fact, was reasonable.

Before deciding whether or not to institute litigation, Defendants' representatives were entitled to evaluate Plaintiff's decedent's claim and determine whether or not litigation was "necessary and appropriate."  In reaching their decision, the Plan attorneys requested that Plaintiff's decedent furnish information that would provide a factual basis to warrant filing a law suit against State Farm.  Plaintiff's decedent failed to provide such information.  Defendants contend that in light of Plaintiff's decedent's failure to provide the requested information, the Plan (and its attorneys) were justified in failing or refusing to institute litigation.  Thus, the decision not to litigate was not arbitrary and capricious and Plaintiff's claim must fail.

Defendants also argue, alternatively, that if Plaintiff's complaint is considered a state claim under state malpractice law and therefore not pre-empted, the "admitted and undisputed facts show that such a claim also has no merit." (Dfts.' Br. at 1.)  Because Plaintiff has not responded to Defendants' motion which was filed on May 15, 2007,[1] this

---

[1] Pursuant to this Court's practice, Plaintiff's counsel was sent a notice on May 16, 2007, "reminding" him of Local Rule 7.1 which requires that a response to a dispositive motion must

Court concludes that Plaintiff does not disagree with the facts alleged by Defendants and upon which Defendants believe they are entitled to summary judgment. Because Plaintiff's decedent failed and refused to provide the information requested by the Plan attorneys which would provide a factual basis to file a lawsuit against State Farm, Defendants' failure to institute litigation cannot be deemed malpractice. It is clear from the facts alleged in Defendants' brief that State Farm claimed that Plaintiff's decedent had been overpaid for attendant care by almost $100,000 based on the fact that Plaintiff's decedent received attendant care payments to cover home health care while she was in the hospital.[2] If State Farm's claim had merit, the Plan attorneys' decision not to file a lawsuit unless and until it had factual information indicating that Plaintiff's decedent had a viable claim, was not an unwise decision and certainly would not constitute malpractice.

To the extent that Plaintiff claims that Defendants' failure to timely institute litigation resulted in the expiration of the statute of limitations causing Plaintiff's claim to be barred, such claim lacks merit. The Plan wrote a letter to State Farm in December 2003 requesting payments. (Dfts.' Br. at 4.) Under Michigan law, the "one-year back" rule allows a claimant within one year from incurring the expenses, to seek payment from the insurance carrier. *See* MICH. COMP. LAWS § 500.3145(1). Prior to the Michigan Supreme Court's decision in July 2004, *see Devillers v. Auto Club Ins.*, 473 Mich. 362 (2005), the one-year period was tolled from the time a claim was submitted until a denial

---

be filed within 21 days after service of the motion.

[2]"Plaintiff admits that the decedent was paid for continuous attendant care at $16 per hour during several weeks when the decedent was hospitalized and did not need or pay anyone for attendant care." (Dfts.' Br. at 3 (citing Dep. of Pearce, Ex. E, pp. 36-58).)

7

by the insurer.[3]  Thus the Plan attorneys had reason to believe, prior to July 2005, that they had one-year after the insurer's denial to file a lawsuit if a lawsuit was deemed "necessary and appropriate."

For the reasons set forth above, Defendants' Motion to Dismiss and for Summary Judgment shall be **GRANTED**, and Plaintiff's complaint is hereby **DISMISSED**.

A Judgment consistent with this Opinion and Order shall issue.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Steven P. Iamarino, Esq.
Frederick L. Miller, Esq.

---

[3]State Farm did not deny the claim until January 2006. (Dfts.' Br. at 5.) By that time, Plaintiff had retained another attorney to represent her. (*Id.* at 17.)